14958

STATE v. YETTER

(5 S. E. (2d), 291)

2

July, 1939.

4

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General* and *C. T. Graydon,* for appellant

*Messrs. Benet, Shand & McGowan,* for respondent,

November 2, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

In February, 1938, the Legislature passed an Act (40 Stat. at Large, page 1569), requiring the payment of a license for the temporary display of samples, goods, wares or merchandise for the purpose of securing sales at retail. The defendant, a traveling salesman in the employ of Best & Company, a corporation, with its principal office and place

of business in New York City, came to South Carolina in September, 1938, to secure for his employer orders for merchandise. With this object in view, he displayed his samples or goods in a room in the Columbia Hotel, in the City of Columbia, the room being rented or occupied for that purpose. The defendant took or accepted orders only, Best & Company shipping the goods direct to the customer, who paid for them by remittance direct to New York upon receipt of the merchandise and of a bill therefor. Payment of the license tax was refused by the defendant, and he was thereupon arrested and tried in the magistrate's Court for violation of the Act. His defense was that the statute in question was a burden upon interstate commerce as prohibited by Section 8 of Article I of the Federal Constitution. Being convicted as charged, he appealed to the Court of General Sessions for Richland County, where the matter was later heard by his Honor, Judge Bellinger, who filed an order on July 12, 1939, holding the Act to be unconstitutional, "in so far as it is attempted to be applied in this particular case." He accordingly reversed the judgment of the magistrate and ordered the defendant released.

Counsel for the appellant, the State, have filed with this Court a persuasive argument, and while we approve some of the things said, we are unable to agree with the contention that the Circuit Judge, for the reasons urged, should be reversed. An examination of the decisions of the United States Supreme Court pertinent to the questions involved, those cited in the order and others not cited, as well as of the decisions of our own Court which may have a bearing thereon, satisfies us of the correctness of the conclusion reached by Judge Bellinger; and while we deem it unnecessary to add anything to what is said in his order, we will briefly refer to *Best & Co. v. Maxwell*, 216 N. C., 114, 3 S. E. (2d), 292, which is strongly relied upon by counsel for the appellant. The North Carolina Supreme Court held, the facts and the questions there involved being practically the same as those in the case at bar, that the tax was

not invalid as violative of the commerce clause of the Federal Constitution. While we have the greatest respect for the decisions of that Court, we are not in accord with its conclusions in the *Maxwell case,* in view of the applicable decisions of the United States Supreme Court, which necessarily control in questions of this kind. Furthermore, we have been advised that a rehearing has been granted in that case, thus. leaving the Court's final action in doubt.

The order appealed from, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISH-BURNE concur.